IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v. Criminal No. 1:04CR70

WALTER JEFFERSON CARDER,
          Defendant.

**ORDER/OPINION**

On the 15th day of May 2007, came the defendant, Walter Jefferson Carder, in person and by his counsel, Brian J. Kornbrath, and also came the United States by its Assistant United States Attorney, Zelda E. Wesley, pursuant to a Petition for Warrant or Summons for Offender Under Supervision filed in this case on April 25, 2007, alleging:

1. <u>Violation of Standard Condition #6: The defendant shall notify the Probation Officer at least ten days prior to any change in residence or employment.</u> The defendant was arrested on or about April 5, 2007 for Domestic Battery. He was subsequently released from incarceration. This officer attempted a home contact on or about April 18, 2007. The defendant was not present. The sole occupant of the home, whom had previously resided with the defendant, advised the defendant had not resided in the home since his arrest. She did not know his exact whereabouts. The defendant has not reported a change of the address to this officer. Therefore, his whereabouts are unknown.

2. <u>Violation of Mandatory Condition: The defendant shall not commit another federal, state or local crime</u>. On or about April 5, 2007, the defendant was arrested by members of the West Virginia State Police at his residence. He was charged with Domestic Battery in Lewis County Magistrate Court, Case #07M-236, after reportedly striking his son during a family argument . . . .

3. <u>Violation of Standard Condition: The defendant shall notify the Probation Officer, within seventy-two hours of being arrested or questioned by a law enforcement officer</u>. The defendant was arrested on April 5, 2007, and has failed to report his arrest to the Probation Officer to date [April 25].

1

The defendant's Probation Officer further noted he had filed a previous report regarding the arrest on April 5, and Defendant's failure to report that arrest within 72 hours, but recommending the Court await disposition in state court before taking any further action.

The Court heard the testimony of West Virginia State Trooper C.J. Wilson, Defendant's supervising Probation Officer Vincent Zummo, and Defendant's acquaintance Linda Joan Cook.

Upon consideration of all which, the Court finds there is probable cause to believe that the defendant violated the conditions of his supervised release as alleged in the Petition for Warrant or Summons for Offender Under Supervision filed April 25, 2007.

It is therefore **ORDERED** that the defendant be bound over for a full hearing before the Honorable Irene M. Keeley, Chief United States District Judge for the Northern District of West Virginia on the violations alleged the Petition for Warrant or Summons for Offender Under Supervision filed April 25, 2007.

Defendant then argued for his release under the third-party custody of Ms. Cook, pending further proceedings in this matter. Ms. Cook testified she has known Defendant since September. He was a friend, and she had a large house in which she lived alone. She was home almost all the time with the exception of about 4-5 hours per month volunteer work. She had no qualms regarding Defendant's living at her home. She knew of Defendant's work background, but did not know his full background, i.e., his criminal history. She believed he was telling her the truth, however. She was aware that Defendant's son had filed a petition for a protective order against Defendant, and that the Family Court Judge ordered the son to evacuate Defendant's residence.

Upon all which, the Court finds that Defendant has shown consistent failure to abide by conditions of his release. Defendant's whereabouts were unknown for nearly a month except for

the period he was incarcerated. He was also found in possession of credit cards and social security documents relating to his deceased brother. The basis of the underlying case against Defendant had been social security fraud, apparently perpetrated by using the brother's identity. The Court found this could be indicative of Defendant's attempting to obtain money or benefits by fraud or used as false identification. In addition, Defendant was determined to have been driving on a suspended license, which the Court finds is further indication that Defendant is unable or unwilling to conform himself to restrictions set by Court or by law. Finally, evidence indicates Defendant may have left the Northern District of West Virginia and traveled to the state of Tennessee without permission during the time his whereabouts were unknown.

Defendant's motion for release on bond is **DENIED.** It is therefore further **ORDERED** that Defendant be remanded to the custody of the United States Marshal pending further proceedings in this matter.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this order to counsel of record.

DATED: May 15, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE